UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JOHN WESLEY BEMBRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV406-234 |
| ) | |
| SHERIFF AL ST. LAWRENCE, ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION

Petitioner has filed a petition for writ of habeas corpus using the standard form developed for prisoners who wish to challenge the constitutionality of their convictions under 28 U.S.C. § 2254. That statute provides a habeas remedy for persons held "in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a). Petitioner, however, is a pretrial detainee at the Chatham County Detention Center who contends that the state court set "excessive bail" at a bond hearing held on June 13, 2006. Because a state pretrial detainee is not in custody pursuant to a state court *judgment*, he may not utilize § 2254 but may only seek federal habeas relief pursuant to 28 U.S.C. § 2241, which provides a remedy

for any person held in violation of "the Constitution, laws, or treaties of the United States," including those who have yet to be convicted and, therefore, are not held under a "judgment." Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003); Stacey v. Warden, Appalachee Corr. Inst., 854 F.2d 401, 403 n. 1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). Thus, the Court will construe the petition as having been brought pursuant to § 2241. See Hughes v. Attorney General, 377 F.3d 1258, 1262 & n.3 (11th Cir. 2004). However, because petitioner has failed to satisfy the common law exhaustion requirement for § 2241 claims, his petition should be DISMISSED.

The United States Supreme Court in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973), stated that "[t]he exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Id. at 490. While the § 2241 statute does not

contain an exhaustion requirement resembling that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. Thomas v. Crosby, 371 F.3d at 812 ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions." Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of comity, exhaustion is required before pretrial writ can be issued); see Wilson v. Hickman, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

Petitioner has clearly failed to exhaust his state court remedies. Petitioner has not endeavored to file a state habeas corpus petition, which he is entitled to do under Georgia law.  See O.C.G.A. § 9-14-1(a) (establishing the right to seek a writ of habeas corpus to inquire into the legality of pretrial restraints on freedom); Mullinax v. State, 515 S.E.2d

839, 840 (Ga. 1999) (affirming denial of state habeas corpus petition challenging bond amount on grounds of excessiveness); Fields v. Tankersley, 487 F. Supp. 1389 (S.D. Ga. 1980) (Georgia detainee seeking federal review of state court judge's denial of bail did not exhaust his available state remedies even though the appellate process was no longer available to him, because he did not file a state habeas petition). Rather than affording the state courts a fair opportunity to resolve his federal Constitutional claims by seeking appropriate relief at the state level, petitioner has resorted directly to this Court by filing a federal habeas proceeding. Because this Court lacks authority under § 2241 to review the denial of bail by a state court prior to the exhaustion of petitioner's state court remedies, the petition should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 29TH day of September, 2006.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**